[Cite as *State v. Gurkovich*, 2015-Ohio-4586.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102558**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GEOFFREY P. GURKOVICH

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-581976-A

**BEFORE:** Boyle, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 5, 2015

**ATTORNEY FOR APPELLANT**

Richard A. Neff
Richard A. Neff Co., L.P.A.
614 W. Superior Avenue
Suite 1310
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Anthony Thomas Miranda
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Geoffrey Gurkovich, appeals his convictions and sentence. He raises two assignments of error for our review:

1. The trial court committed reversible error in imposing consecutive prison terms.

2. Under the facts of this case, counsel's advice to stipulate to separate animus and to waive the right to appeal constitutes ineffective assistance.

{¶2} Finding no merit to his assigned errors, we affirm.

Procedural History and Factual Background

{¶3} In January 2014, the grand jury indicted Gurkovich on 18 counts, including two counts of aggravated murder, one count of murder, seven counts of felonious assault, four counts of attempted murder, two counts of discharging a firearm on or near prohibited premises, one count of having a weapon while under disability, and one count of tampering with evidence. Many of the counts contained one- and three-year firearm, notice of prior conviction, and repeat violent offender specifications. The charges arose after Gurkovich fired gunshots into a vehicle, killing a five-year-old child, hitting the child's mother in the head causing her to lose her eye, and when two other children were present in the vehicle at the time of the shooting — an eight-year-old and a baby. At his arraignment, Gurkovich pleaded not guilty to all charges.

{¶4} In November 2014, Gurkovich withdrew his former plea of not guilty and pleaded guilty to an amended indictment, including one count of murder in violation of

R.C. 2903.02(B) with a three-year firearm specification, and two counts of felonious assault in violation of R.C. 2903.11(A)(2). The amended indictment explicitly listed the three victims relating to each offense (the mother and the five- and eight-year-old). The remaining counts and attached specifications were nolled.

{¶5} The trial court sentenced Gurkovich to 26 years in prison: 15 years to life for murder, to be served consecutive to three years for the firearm specification, four years for each of the felonious assault charges, to be served consecutive to each other and consecutive to the 18 years to life for murder. The trial court further informed Gurkovich that he would be subject to five years of mandatory postrelease control upon his release from prison. It is from this judgment that Gurkovich appeals.

Consecutive Sentences

{¶6} In his first assignment of error, Gurkovich argues that the trial court erred in imposing consecutive sentences. We disagree.

{¶7} R.C. 2953.08(G)(2) provides that our review of felony sentences is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

**{¶8}** R.C. 2929.14(C)(4) requires trial courts to engage in a three-step analysis when imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

**{¶9}** Gurkovich maintains that the record does not support consecutive sentences because "even though the trial court made rote findings on the record, the injustice of the consecutive nature of [his] sentences still calls for reversal by this court." Thus, Gurkovich does not claim that the trial court failed to make the required findings, which we note that it did. Rather, the crux of Gurkovich's argument is that the record does not support the trial court's findings because of the circumstances surrounding the offenses

and because he pleaded guilty. He points to the fact that although he acted "inappropriately with dire consequences," he "believed that the vehicle he shot into was empty." He further argues that the fact that he felt and showed great remorse throughout the entire proceedings, and took responsibility for the crimes by admitting his guilt, further supports his claim that consecutive sentences were unjustified.

{¶10} At the sentencing hearing, the state discussed Gurkovich's prior criminal history, which was extensive and includes five domestic violence convictions (the most recent in 2008), felonious assault, and violating a restraining order, as well as many other nonviolent crimes. At the time of the offenses in this case, Gurkovich was on probation. The state requested maximum, consecutive sentences.

{¶11} The five-year-old's teacher, mother, father, and grandmother spoke to the court at the sentencing hearing, all requesting that Gurkovich receive maximum, consecutive sentences.

{¶12} Gurkovich's counsel explained at the sentencing hearing that Gurkovich went to the scene of the murder based on false information given to him by his ex-girlfriend that a man was trying to harm her and her child (who Gurkovich treated as his son). Gurkovich went to the man's home between 10:45 and 11:00 p.m. A red sport utility vehicle ("SUV") was parked in the driveway, the same car that Gurkovich believed the man had been in when he tried to harm his ex-girlfriend and her child. Gurkovich saw the man on the street, so he knew that the man was not in the vehicle. Gurkovich did not believe anyone was in the vehicle. It was dark and the windows of

the car were tinted. Gurkovich fired his gun at the vehicle, trying to send a message to the man to leave his ex-girlfriend and her son alone. Gurkovich's act, however, tragically resulted in killing a five-year-old child and shooting her mother in the head, causing her to lose one of her eyes. There were two other children in the vehicle who were not hit. Gurkovich did not find out that people were in the car when he shot into it until later that night.

{¶13} Gurkovich expressed remorse and regret at the sentencing hearing. He stated that he looks at the little girl's photo every day and prays for her family. He said that if he could take his own life and bring her back, he would "do it a hundred times over." He apologized, but acknowledged that it was not enough.

{¶14} Gurkovich's mother and grandmother were present at the sentencing hearing, but asked defense counsel to read their letters to the court that they wrote on Gurkovich's behalf, rather than speak at the sentencing hearing.

{¶15} The trial court noted that Gurkovich took responsibility for his crimes, but was on postrelease control at the time of the offenses. The trial court further discussed Gurkovich's prior criminal history, and made the required consecutive sentence findings. The trial court stated that Gurkovich agreed as part of his plea bargain that because there were three separate victims, there would be no merger in the case. The trial court further discussed the serious harm that occurred as a result of Gurkovich's actions.

{¶16} Under R.C. 2953.08(G)(2)(a), a reviewing court can increase, reduce, modify, or remand consecutive sentences for resentencing only if it clearly and

convincingly finds that the record does not support the court's findings to impose consecutive sentences under R.C. 2929.14(C)(4). After review, we have no basis for finding that the record does not support the court's findings under R.C. 2929.14(C)(4).

{¶17} Although Gurkovich stated that he did not know anyone was in the SUV, a five-year-old died as a result of his actions. Moreover, the mother of the five-year-old and the other children in the car, especially the eight-year-old, experienced severe emotional trauma. The mother also experienced physical trauma, losing her eye in the shooting. We further note, as the trial court found, that Gurkovich's criminal history is extensive, including five domestic violence convictions. Gurkovich also committed this offense while on postrelease control, and was charged in another case while this case was pending (where he was charged with several counts of breaking and entering and grand theft).

{¶18} Accordingly, Gurkovich's first assignment of error is overruled.

### Ineffective Assistance of Counsel

{¶19} In his second assignment of error, Gurkovich asserts that his counsel was ineffective for advising him to stipulate to a separate animus and waive his right to appeal regarding the three offenses that he pleaded guilty to.

{¶20} Reversal of a conviction for ineffective assistance of counsel requires a defendant to show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *State v. Smith*, 89 Ohio St.3d 323, 327, 731 N.E.2d 645 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998).

{¶21} In this case, there were three victims. The victims were explicitly stated in the amended indictment: the five-year-old who died, the mother who lost her eye, and the eight-year-old child who was also in the SUV when Gurkovich fired into the vehicle (there was also a baby in the SUV at the time of the shooting who was not a named victim in the amended indictment). The law is well established that if there are separate victims, then a separate animus exists for each. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph two of the syllabus ("Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable."). Thus, Gurkovich's counsel's performance was not deficient.

{¶22} Accordingly, Gurkovich's second assignment of error is overruled

{¶23} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR